A Boston Municipal Court jury found the defendant guilty of unlicensed possession of a firearm and ammunition, both in violation of G. L. c. 269, § 10(h ), and improper storage of a firearm, in violation of G. L. c. 140, § 131L(a ), (b ). On appeal, the defendant claims the judge (1) improperly limited the scope of examination, and (2) improperly instructed the jury on constructive possession. We affirm.
Background. The defendant was charged after Boston police recovered a loaded handgun from a dresser drawer in a Dorchester apartment. The defendant's brother, Emanuel, had called police to report the firearm. At trial, the Commonwealth relied primarily on Emanuel's testimony to establish the defendant's possession of the firearm and ammunition. We summarize his testimony.
Emanuel resided in a group home in Roxbury. On November 16, 2013, he visited his mother and brother at their Dorchester apartment. The mother left shortly after Emanuel's arrival, leaving the brothers alone. Once alone with Emanuel, the defendant showed his brother a firearm, and then put the firearm away. After the defendant left the apartment, Emanuel, worried the defendant "was probably going to do something," searched the apartment for the firearm. After some time, he found it in a drawer in the defendant's bedroom dresser, and called the police.
Discussion. 1. Scope of examination. During cross-examination, the defense sought to question Emanuel regarding an incident four years earlier, in which Emanuel, according to defense counsel, falsely accused the defendant of stabbing him. Counsel also attempted to elicit testimony from the defendant's mother (a defense witness) regarding the same incident. In each instance, the judge precluded the defense from asking about the 2009 incident, but allowed cross-examination into the brothers' relationship and any potential animus between them. The defendant claims these rulings prohibiting examination regarding the alleged stabbing in 2009 violated his constitutional right to elicit evidence of Emanuel's bias. See Commonwealth v. Aguiar, 400 Mass. 508, 513-514 (1987) ; Commonwealth v. Kindell, 84 Mass. App. Ct. 183, 186-187 (2013). We disagree.
"If the defendant demonstrates that 'there is a possibility of bias, even a remote one, the judge has no discretion to bar all inquiry into the subject.' " Id. at 186, quoting from Commonwealth v. Tam Bui, 419 Mass. 392, 400, cert. denied, 516 U.S. 861 (1995). However, the judge has discretion to limit the scope of that inquiry. "When the basis for the cross-examination of a witness with respect to bias appears to be tenuous or speculative, the judge may require a party to make a 'plausible showing that the circumstances existed on which the alleged bias is based.' " Kindell, supra at 187, quoting from Tam Bui, supra at 401.
Here, the defendant failed to make that plausible showing. When the defendant first raised the 2009 incident during cross-examination of Emanuel about his mental health, the judge expressed concern that the issue was not raised before trial and requested an offer of proof. Defense counsel asserted only that his client had been charged with stabbing Emanuel in 2009, but that Emanuel "may have falsely accused" him, and the charges were dropped. When the defense sought to question the defendant's mother regarding the incident, the judge again asked for an offer of proof. Defense counsel stated that a stabbing incident had occurred in 2009, this time adding that he was unsure whether his client had actually been charged or merely questioned or detained, and that the mother had told detectives she saw Emanuel stab himself. Defense counsel was uncertain as to the details of the incident and the purpose for which it was offered.[1] This vague proffer was not corroborated by a docket sheet, a police report, or any document connected with a criminal charge in 2009. Nor did counsel request a voir dire to provide factual support for the claimed stabbing. On this record we discern no abuse of discretion in the judge's decision to prohibit inquiry into this tenuous claim. That is to say, the judge did not make "a clear error of judgment in weighing the factors relevant to the decision [to preclude testimony on the 2009 incident], ... such that the decision f[ell] outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
2. Judge's instruction on constructive possession. The defendant claims that an example the judge used to illustrate constructive possession-that an individual may be said to constructively possess objects he or she stores in a bureau drawer at home-improperly directed the jury to find that the defendant possessed the firearm recovered from the dresser in his room. This "bureau drawer" example is one of two provided in instruction 3.220 of the Model Jury Instructions for Use in the District Court (2009), which the judge recited verbatim. Although, given the facts of this case, a better practice would have been to give the model instruction without the "bureau drawer" example, we see no reasonable probability that use of the example caused the jury to conclude that the judge was expressing his belief in the Commonwealth's theory of the case. See Commonwealth v. Gil, 393 Mass. 204, 222 (1984). Contrast Commonwealth v. Sneed, 376 Mass. 867, 872-873 (1978). Indeed, the judge instructed the jury that she had no opinion on the evidence, that her instructions of law were not intended to express any opinion, and that if the jury believed that the judge had expressed any opinion, they should disregard it.
Moreover, the evidence of the defendant's possession of the firearm was strong. In addition to Emanuel's testimony regarding the defendant's actual possession of the firearm, the jury heard that the defendant's clothing and papers related to his driver's permit were found in the same bedroom dresser where the firearm was located. This was compelling evidence of his constructive possession of the drawer's contents. In these circumstances, we discern no prejudice from the judge's use of the example in the model instruction.
Judgments affirmed.

The panelists are listed in order of seniority.

Counsel represented to the judge that the incident "goes to show ... that [Emanuel] has accused my client of serious things in the past, and ... has a tendency to do things like that again." Evidence of this alleged stabbing was not admissible for that purpose. See Mass. G. Evid. § 608 (2017).